UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


FLETCHER J.  WINDHAM,                )          CASE NO.  5:12 CV2835
                                     )
            Plaintiff,               )          JUDGE JOHN R. ADAMS
                                     )
      v.                             )
                                     )          MEMORANDUM OF OPINION
_____)           AND ORDER
DOMINION EAST OHIO                   )
      GAS,                           )
                                     )
            Defendant.               )


        Before the Court is *pro se* Plaintiff Fletcher J. Windham's above-captioned *in forma pauperis* Complaint naming Dominion East Ohio Gas  ("Dominion East") as Defendant.  Mr. Windham claims Dominion East discriminated against him in violation of Title VII of the Civil Rights Act of 1964 based on his race, under Title I of the Americans with Disabilities Act (ADA) based on a disability, the Age Discrimination in Employment Act (ADEA) because of his age, and under the Family Medical Leave Act (FMLA), as well as various claims of state law violations.  He seeks an Order directing Dominion East to pay general, special and punitive damages to his wife, as well as award him attorney fees and any additional relief the Court deems appropriate.

### Background

        Mr. Windham was hired to work as a certified designer by Dominion East in 1994. He alleges the company had a  "Diversity Plan" for hiring minorities into higher level management positions, but neither he nor any other African American males were ever promoted to management positions. Even though 17 managers were hired over a 17 year period, Mr. Windham declares he was more than

qualified to be a manager but was never selected.

At some point between 2007 and 2008, it appears Mr. Windham began to resent training managers that had been hired for positions for which he was perceived as unqualified.  As a consequence, he refused to continue training any newly hired managers.  Dominion East then demoted him to a clerk position.  He protested the decision, in part, because he was not a trained typist.

Mr. Windham indicates he was excused under the FMLA from January 30, 2008 until April 23, 2008 and from March 4, 2008 until May 16, 2008. While he does not explain the basis for his FMLA absence, he does state it was "hurtful" when three co-workers died between 2008 and 2010. One of the deaths included Mr. Windham's 25 year old son, Fletcher, Jr.  After his son's death, Mr. Windham "fell into severe depression [and] [t]he psychologist and family doctor prescribed Lexapro for his PTSC (Post Traumatic Stress Disorder)."  (Compl. at ¶ 24.)

In October 2008, Mr. Windham complained he was one of eight employees involuntarily transferred from the Design Department to Design Support.  He describes the Design Support department as less prestigious and predominated by African American employees without the hope of career advancement. Of the eight employees transferred, five were both African-American and the "most seniored" certified designers.  Mr. Windham asserts that the transfer was a breach of contract.  The Union, however, allegedly waited three years before it acknowledged a problem, even though he had "already suffered injury."  (Compl. at ¶ 26.)

On or about May 16, 2009, a psychologist sent Mr. Windham's supervisor, Ed Brownfield, a

-2-

"Second notice"advising that Mr. Windham suffered from an anxiety disorder and stress.[1]  The stress was allegedly caused by a heavy workload, having to meet quotas, and not being trained for the position to which he was transferred – allegedly resulting in Mr. Windham's nervous breakdown.[2]

The balance of the Complaint is a series of statements questioning the Union's decision to delay its filing of a grievance on Mr. Windham's behalf and challenging Dominion East's decision to transfer Mr. Windham to a more stressful position.  He concludes that Dominion East was negligent in its record keeping and provided false reports of his attendance, workload percentages and job performance.

On April 12, 2011, Dominion East sent a letter to Mr. Windham requesting he provide a doctor's release of restrictions, "but the letter never gave other instructions other than no release of restrictions no job! Fletcher took this to mean he was fired.  The paper was eventually sign [sic] with restrictions."  (Compl. at ¶ 52.)

Mr. Windham filed charges with the Equal Employment Opportunity Commission (E.E.O.C.) alleging discrimination based on his race, age, disability and in retaliation for requesting an accommodation when he was discharged on April 16, 2011.  Even after Mr.  Windham provided additional documentation to the E.E.O.C., the Commission did not find Dominion East in violation

---

[1]     No where in the Complaint does Mr. Windham provide any reference to a "first notice" from the psychologist to Mr. Brownfield..

[2]     It appears the breakdown may have occurred some time after January 2009, but the only dates Mr. Windham provides after disclosing his nervous breakdown, are as follows:

03/30/09-4/30/09 Murder trial extended 5/31/09
08/13/09 - 09/03/09 FMLA Anxiety attack
09/29/10 - 10/19/10 (Oral surgery) no working doctor's orders
(Compl. at ¶30.)

-3-

of any federal statute.  In a letter dated August 14, 2012, the E.E.O.C. explained to Mr. Windham that when his approved leave of absence from October 2010 until April 2011 ended, he failed to explain to Dominion East why he did not return to work in April 2011.  Records provided to the E.E.O.C. indicated Dominion East made several efforts to contact Mr. Windham regarding his return.  Finally, the E.E.O.C.'s letter to Mr. Windham included a Notice of Right to Sue.

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss a claim or action under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, Mr. Windham's FMLA and ADA claims are dismissed pursuant to 28 U.S.C. §1915(e).

### *Failure to State a Claim*

A.  Family Medical Leave Act (FMLA)

Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA. 29 U.S.C. § 2615(a)(1).  An additional goal of the FMLA is to allow job security to employees who are absent

---

[3]     A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

or take leave for a serious health condition or a chronic serious health condition. *See* 29 U.S.C. § 2601 (finding that there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods); *see also id.* § 2612(a)(1)(D).  Any claim that an employer unlawfully interfered with an employee's FMLA rights, must show each of the following: (1) he is a FMLA-eligible employee; (2) the defendant is an employer under the FMLA; (3) he was entitled to take FMLA leave; (4) he gave notice of his intention to take leave; and (5) the defendant denied him the benefits to which he was entitled under the FMLA. *See id.*

There is no dispute Mr. Windham received leave under the FMLA.  There is not, however, any allegation that Dominion East denied him any benefits to which he was entitled under the FMLA.  For reasons that are not stated in the Complaint, Mr. Windham failed to provide Dominion East a doctor's work release.  He does not, however, state whether the 2011 release request related to a whiplash accident he claims occurred on or about November 12, 2009, or his nervous breakdown.[4]  Regardless, the Complaint is devoid of any allegation that Dominion East denied Mr. Windham any benefit to which he was entitled under the FMLA.

B.  Americans with Disability Act (ADA)

The ADA provides, in relevant part, that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  The Complaint frequently suggests that while Mr. Windham was employed by

---

[4]Because Mr. Windham does not clearly indicate when his nervous breakdown occurred, the Court cannot determine, by date, the purpose of his leave request under the FMLA.

Dominion East he was under the care of a psychologist for an anxiety disorder.  As he further alleges, the stress of working in a new department after Dominion East demoted Mr. Windham contributed to his stress.  If this is the disability for which he claims he is entitled to relief, he has not stated a claim.

Prior to his discharge from Dominion East, Mr. Whitman was absent from work on approved leave for almost 6 months.  There are no allegations, however, that Dominion East refused to accommodate any alleged disability or that his termination was because of his disability.  *See Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008)(employer discrimination against employee under ADA must be solely because of disability). While plaintiffs are not generally required to state a *prima facie* case of discrimination at the pleading stage, *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506(2002); *but see Talley*, 542 F.3d at 1105 (where plaintiff seeks to establish ADA discrimination through indirect evidence, he is required to establish a prima facie case),  Mr. Whitman is still obligated "to provide the grounds of his entitlement to relief . . ." *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir.2007)(quoting *Bell Atl. Corp. v. Twombly*,127 S.Ct. 1955, 1964-65 (2007)).  The Sixth Circuit has echoed the Supreme Court's admonition that  "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  Therefore, without any allegation that Dominion East terminated his employment because of his disability, Mr. Windham has not stated a claim under the ADA.

### Conclusion

Based on the foregoing, Mr. Windham's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **granted**.  Because Mr. Windham has failed to state a claim for relief under the ADA or the FMLA those claims are dismissed pursuant to 28 U.S.C. § 1915(e).  As to his remaining Title VII,

-6-

ADEA and state law claims against Dominion East, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process.  The Clerk's Office shall include a copy of this order in the documents to be served upon the Defendant.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

Date: January 9, 2013                           _/s/ John R. Adams_____
                                              JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE