```
 1   MR. FLETCHER J. WINDHAM SR.
 2   807 WEST EXCHANGE STREET
 3   AKRON, OHIO 44302                                    2013 MAR 11 PM 1:20
 4   PH. 330-329-0704
 5   PRO SE                                               CLERK U.S. DIST...
 6                                                        NORTHERN DIST...
 7                    UNITED STATES DISTRICT COURT                 AKRON
 8                      NORTHERN DISTRICT OF OHIO
 9
10
11   MR. FLETCHER J. WINDHAM SR.          )   Case Number 5:12 CV 2835
12   807 WEST EXCHANGE STREET             )
13        Plaintiff                       )
14                                        )
15                                        )   MEMORANDUM IN OPPOSITION
16        Vs.                             )   TO THE DEFENDANT'S MOTION
17                                        )   TO DISMISS PLAINTIFF COMPLAINT
18   DOMINION EAST OHIO                   )   FOR LACK OF SUBJECT MATTER
19        Defendant(s)                    )   JURISDICTION, OR IN THE
20                                        )   ALTERNATIVE, FOR FAILURE TO
21                                        )   STATE A CLAIM
22                                        )
23                                        )   JUDGE JOHN R. ADAMS
24                                        )   MAGISTRATE JUDGE K. BURKE
25
```

<u>MEMORANDUM OF OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM</u>

I, <u>FLETCHER J WINDHAM SR.</u>, AS Pro se Plaintiff respectfully submit this, MEMORANDUM OF OPPOSITION TO THE DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM ((here after referred to as THE DEFENDANTS MOTION) hereby humbly moves the honorable court for an Order dismissing THE DEFENDANTS MOTION TO DISMISSPLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM with Prejudice.

The Defendant Dominion East Ohio (herein after referred to as Dominion) alleges Fletcher J Windham (herein after referred to as the Plaintiff) The Plaintiff strongly disagrees because honorable court a charge which is an allegation, is not a claim. Of that the EEOC is very careful to specify on all literature. The EEOC charge was made in March, the plaintiff was wrongfully terminated a few weeks later.

On page 3, on the Defendant's Motion, part B Heading, The Heading is a great play on words, <u>The Plaintiff Asserted His Claims In a Charge In April And Again In This Lawsuit Filed In November 14, 2012.</u>, Does "claims" mean "to speak of points, or a lawsuit? Here the Defendant is admitting it was a charge NOT a claim (lawsuit). Once

137         plaintiff's subsequent pursuit of his lawsuit, nor any evidence that he benefited by failing to
138         disclose the suit in his bankruptcy action."
139

140   FACT  The bankruptcy occurred during an EEOC investigative charge, so how could the Plaintiff had known what

141 the EEOC determination would be nor at which time it be decided. Besides, the determination was negative so there

142 was no evidence that the Plaintiff benefited by his attorney's failing to disclose the investigative charge in his

143 bankruptcy action, even though such a charge had been discussed. The Plaintiff was held to the confines of the right

144 to sue letter given by the EEOC, not his own choosing to as to when to file the lawsuit.

145   FACT  The Plaintiff had not listed this investigative charge on his assets during bankruptcy court means there is no

146 evidence to support the Plaintiff took an "accepted position" therefore, he can't have a change of position that was

147 inconsistent the Plaintiff now pursuing a discrimination lawsuit against the Defendant.

148   FACT  This discrimination claim against Dominion East Ohio Gas accrued after the initial bankruptcy filing, and

149 discharge, even three months after that by which the Plaintiff was obligated. The relief should be granted to the

150 Plaintiff and not the creditor's because the creditor's have discharged his debts.

151   FACT  Given the Plaintiff's mental disability he needed a full-time caregiver. His PTSD worsens since the

152 Plaintiff hadn't any money for neither therapy nor medication upon being wrongfully terminated from the

153 Defendant, within weeks of filing a charge with the EEOC. Needless to say, it would be extremely difficult to

154 master mind such an elaborate scheme years in advance, mingled with his on-again, off-again personal relationship.

155 The thought is preposterous, to say the least. The malicious attacks against his character have no support by any

156 documentation, which is strange since he was employed by the Defendant for 17 years. Surely such a poor character

157 would be richly documented and terminated after a short period of time.

158   FACT  Beyond a wing and a prayer, the Plaintiff had no reason to believe the investigative charges would yield a

159 lawsuit or settlement against such high odds and the bankruptcy attorney must have agreed because the issue was

160 disregarded, and not used as an asset. The official EEOC website reports:

161         EEOC Intake, Relief Obtained and Charges Resolved Hit Record Highs in 2011
162         http://www.eeoc.gov/eeoc/newsroom/release/11-15-11a.cfm
163         **PRESS RELEASE**
164         11-15-11 "WASHINGTON—The U.S. Equal Employment Opportunity Commission (EEOC) finished fiscal
165         year 2011 with a ten percent decrease in its pending charge inventory—the first such reduction since 2002,
166         achieved the highest ever monetary amounts through administrative enforcement, and received a record
167         number of charges of discrimination,"..........

168         ...The EEOC received a record 99,947 charges of discrimination in fiscal year 2011, which ended Sept. 30,
169         the highest number of charges in the agency's 46-year history. EEOC staff also delivered historic relief

170 through administrative enforcement—more than $364.6 million in monetary benefits for victims of
171 workplace discrimination. This is also the highest level obtained in the Commission's history. "...

172 While other headlines read:" EEOC State Data Shows Trends, Areas to Watch

173 http://www.accountingweb.com/article/eeoc-state-data-shows-trends-areas-watch/219707 *By Richard D.*

174 *Alaniz* In 2011, the US Equal Employment Opportunity Commission (EEOC) received a record-

175 setting number of charges from those claiming employment discrimination: 99,947 in fiscal year

176 2011, compared to 99,922 in 2010, and an increase from 82,792 in 2008............"

177 **FACT** Remember, this is all matter of semantics "a claim" is not "a charge." such deceitful play on words. An

178 investigative charge from the EEOC isn't considered a claim (lawsuit). Legally defined, a charge is only an

179 allegation or an accusation but a claim is having lawsuit. Anyone having a claim is like having a lawsuit.

180 "As a precondition to a claim (lawsuit) under Title VII is that a plaintiff must first use all the
181 administrative actions under 42 U.S.C. § 2000e-5. See Karim-Panahi v. L.A. Police Dept., 839
182 F.2d 621, 626 (9th Cir. 1988). Under the statute, a plaintiff must initially file a timely charge with
183 the EEOC and, if dismissed, receive a right-to-sue letter from the agency and then file any related
184 court action within 90 days of receipt of the letter. Id.; 42 U.S.C. § 2000e-5(f)(1)."

185 There was no orchestration of intentional misleading actions on the behalf of the Plaintiff; after all, he did hire

186 professional guidance, to no avail. This procedure is exactly what the plaintiff followed. The EEOC is very careful

187 with the wording because a charge is not a claim. The website by the ADA

188 http://www.adaproject.org/EEOCComplaintProcess.html makes the following statements in part:

189 .... **"How does the EEOC process discrimination complaints?**
190 A charge of employment discrimination may be filed with the EEOC against a private employer, state or
191 local government, employment agency, labor union or joint labor management committee. When a charge
192 has been filed, the EEOC calls these covered entities "respondents."

194 Within 10 days after receipt of a charge the EEOC sends written notification of the receipt to the respondent
195 and the charging party.

197 EEOC begins its investigation by reviewing information received from the charging party and requesting
198 information from the respondent. Information requested from the respondent initially, and in the course of the
199 investigation may include the following....

201 After reviewing all information, the Commission sends an official "Letter of Determination" to the charging
202 party and the respondent, stating whether it has or has not found "reasonable cause" to believe that
203 discrimination has occurred...."

204 **FACTS** The Plaintiff's bankruptcy attorney made the decision to disregard the investigative charge, not the

205 Plaintiff. How long and exact dates of the EEOC investigation process are unknown, and unforeseeable. Therefore,

206 how is possible to know charge will become a claim(lawsuit)

207 THE ISSUE AT HAND

208 The Plaintiff wants the honorable to deny judicial estoppels, deny the lack of subject matter and failure to state a
209 claim because they are without merit.

210 I.       Judicial Estoppel Or No Judicial Estoppel

211 The plaintiff has disproven all counts of judicial estoppels; there is no merit in the Defendant's Motion to Dismiss.
212 Some type of standard should be used in a court of law to determine if judicial estoppels, do indeed apply to end this
213 mad craze of "judicial estoppels" in order to prevent 5 billion dollar private companies from otherwise "dodging the
214 law." by using the back door. Many courts have been willing to apply judicial estoppel utilizing various tests. Most
215 recently there appears to be more decisions invoking this doctrine.

216     *New Hampshire v. Maine*,4 and consider three elements necessary for the application of judicial estoppel:
217     (1) A party's position in a case or controversy must clearly conflict with a position taken in an earlier matter;
218     (2) That party must have persuaded a court (or presumably another tribunal)to have accepted its earlier
219     position such that the acceptance of an inconsistent position in the later proceeding creates the perception that
220     the party must have misled either the first or second court; and (3) Whether the party derives an unfair
221     advantage from the change in position or imposes an unfair detriment on the opposing party if not estopped."
222

223 The application of these three questions, certainly strongly support the Plaintiff to be fair none of these apply to the
224 Plaintiff's bankruptcy case. (1)The plaintiff The Plaintiff had not listed the investigative charge during bankruptcy
225 court meaning, there's no evidence to support the Plaintiff took an "accepted position" therefore, he can't have a
226 change of position that would now be inconsistent, by now pursuing a discrimination lawsuit against the Defendant.
227 (2)There were no egregious omissions made to the bankruptcy court by the Plaintiff. All known information was
228 disclosed to his attorney including the investigation charge. As denoted by the Plaintiff and a witness, a Jacquenette
229 Corgan recommended by Mendenhall about the denial of unemployment by the Defendant. It would be logical to
230 have discussed the entire matter (the EEOC, the discrimination and the unemployment denial) as each part is
231 intertwined with the other. How would the Plaintiff have chosen that attorney out of the blue, how could the Plaintiff
232 select a lawyer that just happened to be terminated from Mendenhall's office (someone Mendenhall knew)? If, the
233 plaintiff had not discussed it first with the bankruptcy attorney. And (3) the plaintiff received a negative
234 determination letter from the EEOC on August 14, 2012. Well past the bankruptcy discharge. The claim against
235 Dominion accrued after the bankruptcy in November 2012. This terminated the charge was not an asset, and didn't
236 need disclosure. website by the EEOC http://www.adaproject.org/EEOCComplaintProcess.html

237       **"What if the EEOC concludes that no discrimination occurred?**
238       If the investigation finds no cause to believe discrimination occurred, the EEOC will take no
239       further action. The EEOC will issue a "right-to-sue" letter to the charging party (person filing the
240       complaint), who may choose to to file a private suit."
241

242 II.    Lack Of Subject Matter Jurisdiction

243 The federal question -Of course, the subject jurisdiction of the court for bankruptcy and a civil suit are different, and

244 claims of relief are different as well. The Plaintiff's relief is located in the complaint as a Prayer of Relief as

245 directed. The Plaintiff's Complaint meets the standards governing the form of a complaint contemplated by Federal

246 Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction, and the Complaint sufficiently alleges

247 discrimination, breach of contract, wrongful termination, retaliation, malice and intentional infliction of emotional

248 distress, negligence and personal injury claims are civil claims in a US district court. The relative importance to the

249 state or local jurisdiction of its own law is not material when there is a conflict, a valid federal law, for the Framers

250 of our Constitution provided that the federal law must prevail.

251      " Free v. Bland, 369 U.S. 663, 666 (1962). Thus, any state or local law, however clearly within a
252      jurisdiction's acknowledged power, "which interferes with or is contrary to federal law, must yield." Id.; see
253      also v. United States, 495 U.S. 423, 434 (1990); Don't Tear It Down, Inc. v. Pennsylvania Ave. Dev. Corp.,
254      642 F.2d 527 (D.C. Cir. 1980); Beveridge v. Lewis, 939 F.2d 859 (9th Cir. 1991).

255 Further, there's principle of federal preemption.
256
257      The Supremacy Clause of the Constitution, Art. VI, cl. 2, provides that "'the Laws of the United States
258      which shall be made in Pursuance' of the Constitution 'shall be the supreme law of the land.' The phrase
259      'law of the United States' encompasses both federal statutes themselves and federal regulations that are
260      properly adopted in accordance with statutory authorization." City of New York v. FCC, 486 U.S. 57, 63
261      (1988).

262 II.    In The Alternative, Failure To State A Claim

263 As for the Defendant's argument of "failure to state a claim"; we disagree. It should be noted that the Plaintiffs have

264 filed a claim, and these claims are subject to the U.S. Constitution. However in art fully pled, the Plaintiffs' claims

265 are factual. Plaintiff's Complaint meets the standards governing the form of a complaint contemplated by Federal

266 Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction, and the Complaint sufficiently alleges

267 discrimination, breach of contract, wrongful termination, retaliation, malice and intentional infliction of emotional

268 distress, harm, damage and personal injury claims are civil claims in a US district court. The Plaintiff claims are

269 civil rights and governed by the Supreme Law of the Land, the United States Constitution. Honorable court we ask

270 If any mistakes have been made we will correct/amend them.

271 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
272 relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550
273 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
274 the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the complaint "must allege
275 facts linking each defendant to the grounds on which that particular defendant is potentially liable." *Redondo Waste Sys.,*
276 *Inc., v. López-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011). Because Mr. Johnson appears pro se, the court "read[s] his
277 complaint with an extra degree of solicitude." *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991).

279 "The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is
280 identical to the legal standard used when ruling on a Rule 12(b)(6) motion." *Hodge v. Murphy*, 808 F. Supp. 2d 405, 408
281 (D.R.I. 2011). When reviewing a motion filed under Rule 12(b)(6), courts "accept well-pleaded facts as
282 true and draw all reasonable inferences from those facts in favor of the plaintiff." *Figueroa v.*
283 *Rivera*, 147 F.3d 77, 80 (1st Cir. 1998).

284 III. Pro se Litigant
285 The plaintiff is a pro se litigant. The ruling of the court in this case held;

286 "Where a plaintiff pleads pro se in a suit for protection of civil rights, the court should endeavor to construe the
287 Plaintiff's pleading without regard to technicalities." In Walter Process Equipment v. Food Machinery 382 U.S. 172
288 (1965) it was held that in a "motion to dismiss", the material allegations of the complaint are taken as admitted. "Pro se
289 complaints are held to less stringent standards than formal pleadings by lawyers.
290 Haines v. Kerner, 404 U.S. 519, 520 (1972). A court must construe a pro se plaintiff's "inartful pleading" liberally in
291 determining whether a claim has been stated, including pro se motions as well as complaints. Zichko v. Idaho, 247 F.3d
292 1015, 1020 (9th Cir. 2001); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). This is especially true when a
293 plaintiff appears pro se in a civil rights case. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

294 IN CONCLUSION, From January to November is almost a year later, The plaintiff's claim accrued months

295 after the bankruptcy court time frame. No purposeful intentions to hide neither the investigation charges, nor a

296 change in position when no position was established. Relief for the Plaintiff has been sufficiently stated, and subject

297 matter jurisdiction is correctly in his complaint. We do humbly request the honorable court to be strong and brave

298 but above all else - be lawful. Some resemblance of justice needs to be applied here. The Plaintiff has blown down

299 Dominion's house of cards, all built upon Judicial estoppels. Accordingly, if some of it falls then all of it must fall.

300 We respectfully request the court to GRANT this <u>PLAINTIFF'S MEMORANDUM OF OPPOSITION TO THE</u>

301 <u>DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION,</u>

302 <u>OR IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM.</u> Thank You.

303 Respectfully submitted, FLETCHER J. WINDHAM SR

304
305 _____ Date: 3/11/13
 Signature

306 FLETCHER J. WINDHAM, SR.
 Printed name

307 Pro Se

Page 9 of 9

## CERTIFICATE OF SERVICE

*Use this form to show that a paper or document (other than a complaint) was served (sent or delivered) to an opposing party in accordance with Federal Rule of Civil Procedure 5. A different form is needed to serve a complaint under Federal Rule of Civil Procedure 4.*

Case name: _Memorandum In Opposition To The Defendants Motion to Dismiss Plaintiffs Complaint for lack of subject matter jurisdiction or the alternative, for failure to state a claim_

Case number: _5:12 CV 2835_

**What document was served?** (Write the full name or title of the document or documents, e.g., "Plaintiff's Opposition to Defendant's Motion for Summary Judgment.")

Title(s): _Same as case name_

**How was the document served?** (Check one.)
- ☐ Placed in U. S. Mail
- ☐ Sent by fax
- ☐ Hand-delivered
- ☐ Sent by delivery service (e.g., FedEx or UPS)

**To whom was the document sent?** (Write the full name, address, and fax number of everyone who was sent the document. Usually, they will be the lawyers for the opposing parties.)

_Lisa Orlando_
_Littler Mendelson, PC_
_1100 Superior Ave_
_20th Floor_
_Cleveland, OH 44114_

**When were the documents served?** (When were they mailed, faxed, or delivered?)

Date: _3/11/13_

**Who served the documents?** (Who put it into the mail, faxed it, hand-delivered it, or sent it by delivery service? That person should print his/her name and address and sign below.)

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

Signature: _Tracy K Arnold_

Printed name: _Tracy K Arnold_

Address: _807 West Exchange St_

CERTIFICATE OF SERVICE [VLSP TEMPLATE]