IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Fletcher J. Windham, Sr.,** | : |
| Plaintiff, | : |
| | : Case No. 5:12 CV 2835 |
| v. | : |
| | : Judge John R. Adams |
| **Dominion East Ohio Gas,** | : |
| | : Magistrate Judge Kathleen B. Burke |
| Defendant. | : |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM

**I.      INTRODUCTION**

The remaining discrimination and other claims in Plaintiff's Complaint are all premised on alleged events that occurred during his employment with Dominion, which ended in April 2011. There is no dispute that Plaintiff filed for bankruptcy in January, 2012 – <u>after</u> the termination of his employment and <u>after</u> he filed his EEOC charge against Dominion.  It is also undisputed that Plaintiff <u>never</u> disclosed the discrimination claims raised against Dominion in his pending charge at any time during his bankruptcy proceedings.  As a consequence of these undisputed facts (and as a matter of law), Plaintiff lacks standing to pursue his claims against Dominion and – even if he did not lack standing – he is nevertheless judicially estopped from pursuing such claims.

**II.     ANALYSIS**

      **A.      Plaintiff's Uncontested Lack of Standing Completely Forecloses his Lawsuit.**

At the time that he filed for bankruptcy in January 2012, Plaintiff surrendered the right to control the estate, including existing or potential legal claims, to the bankruptcy trustee.  *See* 11

U.S. C. §§ 323(a), 701; *Honigman v. Comerica Bank*, 128 F.3d 945, 947 (6th Cir. 1997). In other words, when he filed for bankruptcy, Plaintiff's right to pursue his claims against Dominion vested in the trustee for the benefit of the estate, and Plaintiff lost standing to pursue those claims against Dominion. *See, e.g., Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (because the plaintiff's age discrimination claim was part of her bankruptcy estate, she had no standing to pursue her discrimination lawsuit); *Bauer v. Commerce Union Bank*, 859 F.2d 438, 440-42 (6th Cir. 2005) (holding that Chapter 7 debtors do not have standing to bring claims that are part of the bankruptcy estate); *Davis v. Ford Motor Co*., No. 92-5254, 1992 U.S. App. LEXIS 29296, **8-9 (6th Cir. Nov. 5, 1992) (same); *Assasepa v. JP Morgan Chase Bank*, No. 1:11-cv-156, 2012 U.S. Dist. LEXIS 3491, *32 (S.D. Ohio Jan. 11, 2012) (citations omitted) (agreeing that "[i]t is well-settled that a Chapter 7 bankruptcy petitioner does not have standing to raise claims ... seeking property, including legal or equitable interests"); *Watson v. Online Computer Library Center, Inc*., No. 2:05-cv-00018, 2006 U.S. Dist. LEXIS 27443, *9 (S.D. Ohio May 9, 2006) (finding that absent proof that the bankruptcy trustee formally abandoned the plaintiff's claims against his former employer, the plaintiff lacked standing and could not, after having been discharged in bankruptcy, assert his claims in litigation against his former employer). The black letter law couldn't be any clearer – Plaintiff has no standing to pursue his claims against Dominion.[1] On this basis alone, his Compliant must be dismissed.

---

[1] Notably, Plaintiff does not contest his lack of standing to pursue this civil action. However, in opposition to the application of the doctrine of judicial estoppel to his claims, he contends that his claims against Dominion did not accrue until he filed this lawsuit in November 2012, approximately eleven months after he filed for bankruptcy. To the extent he similarly believes that his claims were not surrendered to the bankruptcy trustee because they did not accrue until he filed his lawsuit, there is no legal or factual basis for such a belief. For the reasons explained in Section II(B) herein, Plaintiff's claims against Dominion accrued no later than the termination of his employment in April 2011, and therefore were surrendered to the bankruptcy trustee when Plaintiff filed his bankruptcy petition in January 2012.

> **B.**    **The Doctrine of Judicial Estoppel Bars Plaintiff from Litigating his Previously Undisclosed Claims against Dominion.**

As set forth in Dominion's Motion to Dismiss and Memorandum in Support thereof, "the core issues in cases involving judicial estoppel are routinely (1) whether a plaintiff is asserting a position that is contrary to one the party asserted under oath in a prior proceeding (*e.g.*, the existence of claims), (2) whether a prior court adopted the contrary position either as a preliminary matter or as part of a final disposition, and (3) whether, if both one and two are answered affirmatively, application of the equitable doctrine is warranted." *EEOC v. JP Morgan Chase Bank, N.A.*, No. 2:09-cv-864, 2013 U.S. Dist. LEXIS 34004, **7-8 (S.D. Ohio Mar. 12, 2013). Application of the doctrine of judicial estoppel is warranted as long as the plaintiff's omission did not result from mistake or inadvertence, which requires consideration of whether (1) the plaintiff lacked knowledge of the factual basis of the undisclosed claims, (2) he has a motive for concealment, and (3) the evidence indicates an absence of bad faith. *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2012).

For his part, Plaintiff asserts that his claims against Dominion did not accrue until he filed this lawsuit, meaning that his EEOC charge against Dominion was not a claim that he was required to disclose in his bankruptcy proceeding. He further claims that because he did not disclose his EEOC charge against Dominion in his bankruptcy proceeding, he never took any position whatsoever regarding his claims against Dominion and cannot have taken a contrary or inconsistent position now. Under controlling law, neither of Plaintiff's assertions prevents the application of the doctrine of judicial estoppel to save his case from dismissal.

It is well-settled that "[u]nless otherwise exempted from the estate, a tort claim that accrued before the filing of a bankruptcy petition becomes part of the property of the bankruptcy estate." *JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 34004, at *5, *citing Auday*, 698

F.3d at 904. Contrary to Plaintiff's contention that his claims against Dominion did not accrue until he filed this lawsuit, his claims – all of which are based on alleged events occurring during his employment until the termination thereof – accrued by the time he was terminated from Dominion in April 2011. *See e.g., Auday*, 698 F.3d at 903 (stating that the plaintiff's age discrimination claim "accrued when the company fired her on September 17, 2009, and became the property of her estate when she filed for bankruptcy four days later"). Indeed, Plaintiff practically concedes that his claims against Dominion accrued prior to his termination, as he alleges that he initiated his EEOC charge <u>before</u> his employment was terminated. (*See* ECF Doc. No. 10, Plaintiff's Amended Memorandum in Opposition, at pp. 1-3).

Plaintiff does not contend that he did not know the factual basis for his claims against Dominion when he filed for bankruptcy, nor could he. Plaintiff unequivocally knew at the time he filed his bankruptcy petition of his claims against Dominion insofar as he had filed an EEOC charge against Dominion and discussed the very claims contained within that charge with both his bankruptcy attorney and another attorney to whom he had been referred. (*Id*. at pp. 2-4). His assertion that he had no way of knowing the outcome of his then-pending EEOC charge when he filed for bankruptcy is of no consequence. He was well aware of the underlying factual basis for the claims in his pending charge, which placed upon him an affirmative obligation to disclose those claims to the Bankruptcy Court. *Gaskins v. Thousand Trails, LP*, 521 F. Supp. 2d 693, 697 (S.D. Ohio 2007), *quoting In re Coastal Plans, Inc*., 179 F.3d 197, 208 (5th Cir. 1999) ("the debtor need not know all the facts or even the legal basis for the cause of action; rather if the debtor has enough information prior to confirmation to suggest that he may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed"). To that end, when he completed his bankruptcy petition, Plaintiff was required to identify "all suits and

4

administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case." (*See* ECF No. at Ex. 3, p. 27) (emphasis in original). However, he admittedly omitted his pending EEOC charge from his petition.

The fact that Plaintiff did not file his lawsuit against Dominion during the pendency of his bankruptcy proceedings does not excuse him from his statutory obligation to disclose his potential claims against Dominion to the Bankruptcy Court. Courts routinely reject such an argument where the record is clear, as it is here, that that the plaintiff was aware of the factual basis for his employment claims during the bankruptcy proceedings and before filing a lawsuit. *See Marable v. Marion Military Institute*, No. 2:11-cv-563-CG-B, 2012 U.S. Dist. LEXIS 158436, *15 (S.D. Ala. Nov. 5, 2012), *citing Casanova v. Pre Solutions, Inc*., 228 Fed. Appx. 837, 841 (11th Cir. 2007) ("It is of no import that [Plaintiff] did not file a lawsuit before filing his Petition, because the EEOC claim constitutes 'administrative proceedings' and '[o]ther contingent and unliquidated claims' that [Plaintiff] was required to disclose"); *Robertson v. Flowers Baking Co. of Lynchburg, LLC*, No. 6:11-cv-00013, 2012 U.S. Dist. LEXIS 29854, **11-12 (W.D. Va. Mar. 6, 2012) (citations omitted) ("An EEOC charge, and even the underlying facts that might support a discrimination claim, qualifies as an asset that must be disclosed to the bankruptcy court"); *Harrah v. DSW Inc.*, 852 F. Supp. 2d 900, 903 (N.D. Ohio 2012) (explaining that "[t]he duty to disclose a potential claim as an asset in bankruptcy arises when the wrongful conduct giving rise to the claim is suffered, as opposed to when an actual complaint is filed"); *Coffelt v. American Frozen Foods, Inc.*, No. 1:10-CV-69, 2010 U.S. Dist. LEXIS 112491, *9 (E.D. Tenn. Oct. 21, 2010) (although the plaintiff's lawsuit was not filed until after he filed for bankruptcy, the plaintiff was aware of the factual basis for his claims, all of his stemmed from his termination that occurred at least seven months before his bankruptcy filing).

To reiterate, Plaintiff had sufficient information to know that the claims pled in this action existed when he filed for bankruptcy in January 2012 because his termination had occurred nine months earlier in April 2011.  This was more than enough to trigger the duty to disclose, not to mention that, according to Plaintiff, he took affirmative steps to pursue his claims against Dominion by initiating his EEOC charge even before his termination and at least nine months before filing for bankruptcy.  Thus, as Plaintiff was fully aware of his claims at the time he sought and received bankruptcy relief, he was obligated to disclose them to the Bankruptcy Court.  His failure to do so deprived the Court from knowing the full extent of his assets before fully discharging Plaintiff's debts totaling over $164,000 on May 16, 2012.

By filing his lawsuit, Plaintiff has clearly taken a contrary position to that which was adopted by the Bankruptcy Court.  *See, e.g., Piper v. Dollar Gen. Corp.*, No. 3:11-554, 2011 U.S. Dist. LEXIS 112071, **13-14 (M.D. Tenn. Sept. 29, 2011), *citing White*, 617 F.3d at 478-79 ("to establish a 'contrary position' the defendant must show that the plaintiff did not disclose the claims she now asserts during the course of the bankruptcy proceeding and, to establish judicial 'adoption,' the defendant need only show that the bankruptcy court, for instance, 'confirmed' the Plan, implicitly recognizing that the plaintiff had no such claims").  Here, Plaintiff omitted his claims against Dominion from his bankruptcy petition, never amended his petition to remedy the omission, and was ultimately discharged from his debts by the Bankruptcy Court.  Despite Plaintiff's contention that – by remaining silent about his claims against Dominion in his bankruptcy petition – he did not assume any position with regard to those claims, he fails to recognize that his silence – in and of itself – is the position that he has now contradicted.

"There is no doubt that a debtor's disclosure statement can be sufficient for applying judicial estoppel." *JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 34004, at *8, *citing Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 474 (6th Cir. 1988). As the Sixth Circuit has noted, "the disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005) (internal citations omitted). Furthermore, "[a] debtor's good faith mistake about the scope of that obligation does not necessarily excuse a failure to disclose." *Bert v. AK Steel Corp.*, No. 1:02-cv-467, 2007 U.S. Dist. LEXIS 76058, **9-10 (S.D. Ohio Oct. 12, 2007).

In his disclosure statement, Plaintiff did not include his claims against Dominion, even though he was aware of them and their factual basis, had already filed an EEOC charge based on such claims, and consulted an employment attorney. He therefore asserted a position before the Bankruptcy Court that is inconsistent with the position he has taken before this Court. *See Bartlett v. Ohio Nat'l Fin. Servs., Inc.,* No. 1:11-CV-638, 2013 U.S. Dist. LEXIS 14722, *6 (S.D. Ohio Jan. 31, 2013) (finding that the plaintiff assumed a contrary position in her employment discrimination lawsuit where she omitted claims in a pending EEOC charge from her bankruptcy petition); *Thomas v. Procter and Gamble Distributing LLC*, No. 1:11-cv-796, 2012 U.S. Dist. LEXIS 134433, *9 (S.D. Ohio Sept. 19, 2012) (same); *Robertson*, 2012 U.S. Dist. LEXIS 29854, at *24 (stressing that "precedent establishes that the failure to disclose a discrimination claim to the bankruptcy court is treated as a representation that no such claim exists").

In the face of Plaintiff's silence, the Bankruptcy Court proceeded to adopt Plaintiff's position when it entered its order discharging Plaintiff's debts without any distribution to Plaintiff's creditors. *White*, 617 F.3d at 479; *see also Tangwell v. Looby*, 109 Fed. Appx. 12, 15 (6th Cir. 2004) ("In bankruptcy litigation, the requisite court approval of a settlement constitutes sufficient 'judicial acceptance' to prevent a party from later advancing an inconsistent position"); *Thomas*, 2012 U.S. Dist LEXIS 134433, at *10 ("That is, the Trustee relied upon plaintiff's representation that she had no other assets beyond those she listed when she filed for bankruptcy, this adopting Plaintiff's position in the Bankruptcy Court, contrary to the position she takes in pursuing the present lawsuit").

Dominion acknowledges that Plaintiff repeatedly claims that he shared with his bankruptcy attorney the factual basis for his EEOC charge and the claims contained therein against Dominion. (ECF Doc. No. 10, at pp. 2-3, 5-7). However, it is well established that Plaintiff cannot shift blame for the failure to disclose to his bankruptcy attorney. *See, e.g., Lewis*, 141 Fed. Appx. at 427, *quoting Barger v. City of Cartersville*, 348 F.3d 1289, 1295 (11th Cir. 2003) (although the "debtor's attorney failed to list the debtor's discrimination suit on the schedule of assets despite the fact that [the debtor] specifically told him about the suit, the attorney's omission is no panacea"); *Bartlett*, 2013 U.S. Dist. LEXIS 14722, at *8 ("Plaintiff is bound by the actions of her attorney and his erroneous advice and/or conscious decision not to disclose her claims"); *White v. Wyndham Vacation Ownership, Inc.*, No. 3:08-CV-405, 2009 U.S. Dist. LEXIS 33431, *18 (E.D. Tenn. Apr. 21, 2009), *aff'd*, 617 F.3d 472 (6th Cir. 2010), *citing Lewis*, 141 F. Appx. at 427 (rejecting the argument that it was the bankruptcy attorney, not the plaintiff, who failed to disclose the employment claim, holding that "a party is bound by the errors of his or her attorney"); *Randelson v. Kennametal, Inc.*, No. 1:05CV1978, 2006 U.S. Dist.

LEXIS 80319, *6 (N.D. Ohio Nov. 2, 2006) ("Accordingly, the mistake by [plaintiff]s' bankruptcy attorney will not translate into an admissible inadvertent mistake by [plaintiff] and move this court to deny the application of the doctrine of judicial estoppel").

There is no basis for finding that Plaintiff's failure to disclose his claims against Dominion was due to mistake or inadvertence.  The fact of the matter is that he concealed an asset from the Bankruptcy Court, which may have affected the outcome of his Chapter 7 petition. Consequently, if he was allowed to pursue the claims that he previously swore did not exist to the Bankruptcy Court, "any damages awarded would be unjustly received by [Plaintiff] personally, rather than being applied to the satisfaction of [his] earlier debts."  *Wallace v. Johnston Coca-Cola Bottling Group*, No. 1:06-cv-875, 2007 U.S. Dist. LEXIS 21170, *7 (S.D. Ohio Mar. 26, 2007); *see also Lewis*, 141 Fed. Appx. at 424 (finding that the "disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge"); *Barger*, 348 F.3d at 1296 (a motive to conceal can be inferred from the omission itself, because by "omitting the claims, [the debtor] could keep any proceeds for herself and not have them becomes part of the bankruptcy estate'"); *Bartlett*, 2013 U.S. Dist. LEXIS 14722, at **6-7 (citations omitted) ("debtors have a motive to conceal their claims from the bankruptcy court so that can minimize their income and assets and to shield the proceeds of the lawsuit from their creditors"); *Piper*, 2011 U.S. Dist. LEXIS 112071, at *17 ("a litigant such as the plaintiff always has a motive to conceal, in order to reduce the pool of assets for creditors").  Thus, Plaintiff's knowledge of his undisclosed claims and the potential for a windfall compels a finding that Plaintiff's non-disclosure was not inadvertent or in good faith.

### III. CONCLUSION

Because he lacks standing and no longer has the capacity to pursue his claims against Dominion by virtue of his Chapter 7 bankruptcy proceedings, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). In the alternative, Plaintiff, who has taken a position directly contrary to his sworn representations adopted by the Bankruptcy Court, is judicially estopped from pursuing his claims against Dominion, and the Complaint should be dismissed pursuant to Rule 12(b)(6). Accordingly, for all the foregoing reasons, including the reasons set forth in Dominion's Motion to Dismiss and Memorandum in Support thereof, Dominion respectfully requests the dismissal of Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/ Lisa A. Orlando*
Janette M. Louard (0066257)
Lisa A. Orlando (0075339)
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH 44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
jlouard@littler.com
lorlando@littler.com

Attorneys for Defendant
EAST OHIO GAS D/B/A DOMINION EAST OHIO

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2013, the foregoing *Defendant's Reply Brief in Support of Its Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim* was filed electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

In addition, given Plaintiff's status as a *pro se* litigant in this matter, a true and accurate copy of *Defendant's Reply Brief in Support of Its Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to State a Claim* was sent via certified U.S. Mail to:

> Fletcher J. Windham, Sr.
> 807 West Exchange Street
> Akron, Ohio 44302

*/s/ Lisa A. Orlando*

One of the Attorneys for Defendant
EAST OHIO GAS D/B/A DOMINION EAST OHIO

Firmwide:119138952.1 056182.1053