UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fletcher J. Windham, Sr., | ) | CASE NO: 5:12CV2835 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| East Ohio Gas, | ) | (Resolving Doc. 7) |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant East Ohio Gas' motion to dismiss the complaint (Doc. 7). Plaintiff Fletcher Windham has opposed the motion and Defendant has replied. The motion to dismiss is GRANTED. The complaint is hereby DISMISSED.

## I. Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted

> rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II.  Analysis**

In its motion to dismiss, Defendant contends that Plaintiff lacks standing to pursue his claims in this matter.  The Court agrees.

In his complaint, Plaintiff alleges that he is an African American designer who was hired by Defendant in 1994.  Plaintiff contends in the complaint that he was a model employee up through the time of his termination.  He asserts that near the end of his employment that his workload, attendance, and performance were falsified by Defendant.  On April 16, 2011, Plaintiff's employment was terminated.  On April 20, 2011, Plaintiff

filed a charge with the EEOC alleging race, age, and disability discrimination. The EEOC investigated and ultimately dismissed the charge on August 14, 2012, and this suit was filed on November 14, 2012. However, on January 25, 2012, while that charge remained pending, Plaintiff filed a Chapter 7 bankruptcy petition. It is undisputed that the pending claims were not disclosed or pursued in the bankruptcy.

The Sixth Circuit has previously discussed the effect on possible tort claims when a plaintiff files for bankruptcy:

> When Auday filed for bankruptcy, her estate became the owner of all of her property, including tort claims that accrued before she filed her bankruptcy petition. See 11 U.S.C. § 541(a)(1) (defining the estate as "all legal or equitable interests of the debtor in property" when the debtor files for bankruptcy); *In re Cottrell*, 876 F.2d at 543. Her age-discrimination claim against Wet Seal is no different. It accrued when the company fired her on September 17, 2009, and became the property of her estate when she filed for bankruptcy four days later. *See Bauer v. Commerce Union Bank*, 859 F.2d 438, 440–41 (6th Cir. 1988). This means that, absent abandonment, only the Trustee may bring the age-discrimination claim, and Auday "has no standing to pursue" it alone. *Id*. at 441; *see also Davis v. Ford Motor Co.*, 978 F.2d 1258, 1992 WL 322377 at *3 (6th Cir. 1992) (unpublished table decision); *Estate of Spirtos v. One San Bernardino Cnty. Superior Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1175–76 (9th Cir. 2006); *Biesek*, 440 F.3d at 413 (describing the debtor as "an interloper, trying to prosecute a claim that belongs to his estate in bankruptcy"); *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are the property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them.").

*Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012).

Plaintiff's sole response to this authority is his contention that his claims did not accrue until he filed the complaint. However, as noted above, any claims of discrimination "accrued when the company fired [him.]" There is no legal authority to support the position taken by Plaintiff. Accordingly, the claims he seeks to raise are or were property of his bankruptcy estate. As there is no evidence that the Trustee

3

abandoned these claims, Plaintiff lacks standing to pursue them. The motion to dismiss is well taken.

### III. Conclusion

Plaintiff lacks standing to pursue these claims. The motion to dismiss is GRANTED and the complaint is hereby DISMISSED. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


September 13, 2013 /s/ *Judge John R. Adams*
Date JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT